yes are you ready yes your honor I know you are oh my council on men on the line ready yes thank you your honor all right we're happy to your argument in number 2018 54 Williams versus Garland Thank You judge Monson may it please the court my client was deported in 2007 based on in part on a statute that the Supreme Court held unconstitutional in 2018 following year my client following filed a motion to reconsider based on this change in law the question before the court today is what are the Board of Immigration Appeals aired either in denying my clients requests for equitable tolling or in declining to reconsider its prior decisions to a sponte unless the court prefers otherwise I will address the equitable tolling argument first question of but pardon your honor has which question been decided the BIA denied my client's request for equitable tolling and therefore did not reach the the merits of the motion to reconsider itself anything so there's something hanging out there yes yes and if if there if this court was to remand and find that my client exercised the diligence necessary for equitable tolling then on merits of the motion to reconsider if we did if we agree that we have jurisdiction to as to whether Williams was his property qualifies aggravated felon there's a law the case doctrine applied so that if we were to remand it to BIA would be bound by our decision well I think it's actually undisputed between between the parties that my client's conviction no longer qualifies as an aggravated felony and that issue is squarely before before the board that that was raised in the motion to reconsider now before getting to the merits of the equitable tolling argument I would hope to quickly address the issues on which the parties agree and and or on which the court may not need to reach the parties agree that both the deadline and numerical limitations on subject to equitable tolling while the parties disagree over whether my client is subject to the jurisdictional bar in 1252 a to see they agree that the court may not actually need to reach that admittedly complicated question because even if my client is subject to the jurisdictional bar there is only one factual issue that this court would be unable to reach and that is whether the attorney who filed the motion to reconsider in 2019 was acting pro bono so if this court finds that whether that attorney was acting pro bono would not make any difference to its ultimate determination then it does not need to reach the jurisdictional arguments but for purposes of today's argument I'm happy to assume that my client is subject to the jurisdictional bar and that his attorney was acting pro bono even though the record shows she was not now on the merits the question before the court is very narrow the board did not address whether my client satisfied the extraordinary circumstances component of the equitable tolling inquiry the only basis for the board's decision was its belief that my client did not act with sufficient diligence in filing his motion after the Supreme Court issued its decision into Maya now while the parties disagree over the standard of review that the court should apply to that issue our positions may actually be closer than they appear on page 14 of the government asked the court to review the board's decision for abuse of discretion but quote with subsidiary legal conclusions reviewed de novo and that is all we're asking the Supreme Court held in Guerrero Las Freya that whether an alien acted with the requisite diligence is a legal standard and this court has held on many occasions that an agency abuses its discretion when it airs as a matter of law so even if abuse of discretion is nominally the correct overall standard the court should apply de novo review to the specific legal question of whether my client actively requisite diligence now yes don't we don't we apply abuse of discretion review to many instances where we apply a legal standard to facts so when we review the legal standard it's de novo right whether the BIA had the correct standard in mind facts we review for clear error but often we apply abuse of discretion review when the law is applied to the facts think like evidentiary rulings right in a district court we review those for abuse of discretion even though it may be in fact a question that you know mixed question of law in fact is that why is that not the appropriate way to think about it well I would look to this court's recent decision in Galvan which was decided after the briefs are in but we submitted a 20 J letter on that and that involved another mixed question that this court found for the first time it had jurisdiction to review under Galvan and it found that because it is a mixed question it applies it would apply de novo review to the ultimate determination in that case of whether the aliens removal would result in exceptional and extremely unusual hardship so that is a very similar fact-bound determination but the court said nonetheless we applied to Nova review and I would also note that this to the ultimate determination of whether the ultimate diligence determination based on settled facts so with respect to the merits question it's undisputed that the diligence required for equitable tolling is reasonable diligence not maximum feasible diligence and the problem with the board's decision in this case in our view is that it simply took an unreasonable view of what an alien in my client's position should have taken following his removal even though my client was deported in 2007 the board believed that he still should have been in touch either with his original attorney or that he should have been seeking that he should have sought out new counsel simply to stay abreast of changes in the law but your honors the board's reasoning not only reflects a quintessential case of hindsight bias but is simply divorced from reality consulting with an attorney is not like going to the dentist or getting your oil changed it is not something people do every six months as a matter of course it is something that people only do when they have a problem that they believe an attorney is actually capable of solving so aliens like my client who have both exhausted their appeals and been deported from the country generally have no need to seek out the advice of an and as we say in our briefs and the government does not dispute upholding the board's decision would mean that aliens who have been deported from the country would need to regularly consult with an attorney in perpetuity I thought the diligence inquiry was they looked at from the time of the Supreme Court's decision until your client sought legal counsel your honor we would agree that that that is the the correct inquiry we looked at the longer period I think yes and and just as a practical matter I mean we know now that the Supreme Court issued a decision in 2018 but there's no way an alien would be able to predict right how do we had it how are they supposed to evaluate diligence if you say there's no reason someone who's deported thinks they have a legal problem that they need an attorney for they don't know a Supreme Court decisions coming how on earth do you measure diligence say they find out about the decision 20 years after it happened but the moment they find out they speak an attorney is that diligent it will certainly in all cases diligence must be exercised from the moment the alien discovers to do a lot otherwise we think it's case-by-case and we think is a general rule aliens who have been deported cannot be expected to seek out legal advice your role your role would be from the moment they discover and and they don't have to be diligent looking for it they just stumble upon it I believe as a general matter they do not have to be diligent in investigating no they only have to be diligent once they discover now there are happen to find out about it yes but I think there are exceptions and I think this case is this court's decision in Lawrence provides a helpful counterexample so in that case mr. Lawrence's case while his case was pending at the BIA the Supreme Court actually heard oral argument in the decision that was relevant to his case and then the Supreme Court issued its that was the Moncrief decision just a few months after he was deported so we think in that case it was plainly reasonable for for the board in this court to expect mr. Lawrence to stay abreast of the law even after he was deported but but in this case by contrast there was no reason for my client to expect that the Supreme Court might one day issue not one but two decisions that would fortuitously and in combination undermine the board's conviction qualified as an aggravated felony and of course go back to this time when they issued it so where do we start when we look at to determine whether he was diligent or not what time sure we think in this case that you look at the time that my client learned that he actually had a basis to file a motion with the board so he did not know that for certain until his new attorney received the results from a FOIA request in June of 2019 that where she received his entire immigration record there's no version of Pacer in the administrative immigration administrative system you have to file a FOIA request and as soon as she got it she realized aha there is a basis to file a motion to reconsider with the board and exactly 30 days later that motion to reconsider was filed well do you have a fallback position a fallback position on equitable tolling on when the when the period for equitable tolling would begin for example I thought that perhaps you were arguing that the date when sessions came out was versus to Maya was 2018 and Johnson was 2010 and so that you were you needed both so you would start with the 2018 date and you in 2019 yes about I don't know eight months sure but but I think that the ultimate question is what what is reasonable to expect of an alien in my client's position and given given all these circumstances in this case we don't think it would have been reasonable to expect my client to have been actively seeking legal advice at the time that the Maya came out in 2018 I mean I would agree that that's kind of the starting point because that's that's the point a lot closer than the agency did correct oh certainly certainly yeah yes I mean the agency was was expecting him to be consulting with an attorney practically from the moment he returned to Jamaica and we think that's certainly not correct I thought it was pretty clear the agency accepted your representation that the relevant time period was between the Maya in April 2018 and then in whenever it was June or whatever of 2019 when file well yeah I think the board has some some language going both ways but we yes we think the correct starting point is when to Maya was issued but we think when to Maya was issued it was not reasonable to expect my client to be seeing legal advice we think it's only reasonable to expect him to do anything once he learned that there was something that he could even potentially file by which point was was June 2019 and then he did file within 30 days after that now if the court has any concerns that that ruling from my client would open the floodgates to all sorts of equitable tolling claims I think that concern is unfounded for a number of reasons first equitable tolling requires of course both a showing of reasonable diligence and extraordinary circumstances and between those two requirements we think extraordinary circumstances is the more logical and effective gatekeeper especially in cases involving changes in law now we think we could satisfy the extraordinary circumstances requirement in this case but that's still up for grabs that's still up for grabs yes the board never reached that but given how unusual it is for Congress to pass on constitutional statutes we think we could satisfy that but second even when aliens do satisfy the equitable tolling requirements they also have to satisfy these separate requirements for a motion to reopen and emotion to reconsider both of which can be denied in the exercise of discretion now again we think we would have a strong argument on that front because there's no dispute that my client's conviction is not an aggravated felony and the immigration judge originally found that he did merit a favorable exercise of discretion in connection with his cancellation application and just finally to the extent that the court might believe that ruling from my client would simply oh I see that I'm out of time you can finish this um we'll simply allow too many wrongfully deported aliens to return to the United States I mean we would think that is not a valid concern because if an alien should not have been deported in the first place we think it would not be the role of the courts to deny his claim simply because it might lead to the granting of claims of similarly happy to hear from you hey may it please the court and Lindsay done on behalf of the respondent I do want to begin by clarifying a bit of what has been discussed that's been agreed upon or that the parties agree upon there is this issue in terms of mr. Williams being charged as deportable in terms of the aggravated felony charge but he also was found deportable based upon a conviction involving moral turpitude and the parties agree that that was never that any challenge that has never been exhausted before the board so in other words the IJ found that it was never brought up in the counseled motion for reopen that was counseled it wasn't brought up in the subsequent petition for review that petitioner did file pro se before this court and it also was not brought up in the last motion to reopen that we're discussing today so there is that outlying ground of removability that simply has has not been exhausted before the agency I turning you agree with counsel's representation that that his crime no longer qualifies in terms of the aggravated felony which is a which was a separate ground of removal I do note the agency never addressed that it hasn't been something that the government has contested so I'm not trying to make it any more difficult for the court than necessary but but but I will concede that it was it never it was not the ground that this motion to be back what's your position gonna be about the aggravated felon issue that that would be a position that the DHS would have to to come up with which you follow Supreme Court law absolutely so your honors turning quickly to the issue in going to review or what standard of review should be in this case I do want to note that the parties as as opposing counsel mentioned the parties agree that Guerrero left open this question as to what the standard of review would be but the government does note that Galvin which opposing counsel raised reviews a hardship determination for purposes of cancellation of removal and that was previously unreviewable as discretionary this is different in this case because as this court has done in Lawrence abuse of discretion has been been the standard that's been applied in these types of cases so Lawrence is is a good example here because for another reason the court first looked de novo can we look at the diligence inquiry but then was clear when it got to the merits of the diligence inquiry applied abuse of discretion and that's consistent with also what the Fifth Circuit did when Guerrero was sent back it applied abuse of discretion it is since applied this abuse of discretion in this context and also opposing counsel did in a 28 J letter send in a Tenth Circuit case for do be Garland that's 13 f 4th 1125 and we note that the Tenth Circuit to when looking at equitable tolling is applying abuse of discretion would be not only consistent with what this court has done when it has looked at the diligence inquiry but it's also would be consistent with the Tenth and the Fifth Circuits so just wanted to clarify that we do have a long line of cases that hold that the ultimate application of facts to the legal standard is a legal inquiry first question and some of those cases are exceptional hardship and Galvin be gone which case government acquiescence and torture is another case good faith marriage we we've said that that is a legal inquiry why shouldn't that be the case here again the government notes that those are different types of inquiries and where as in here this court has looked at abuse of discretion in the context of tolling it has first determined can we look at the question and that becomes a legal inquiry but then it is it is reverted back to use of discretion where we're simply asking the court to be consistent with what it has done and again I specifically point to Lawrence and that's exactly what happened there and so we're asking the and with respect to then looking at this in terms of the merits and again although the government is arguing that the standard should be abuse of discretion whether it's abuse of discretion or de novo the government argues that here the petitioner mr. Williams simply just did not show that he acted as a reasonable person should in this circumstance I do want to point the court to the bottom of page four through the top of page five in the record because here the agency makes clear that it is looking at that period after demise issue the agency says that petitioner claims that only after the Supreme Court's holding in a Maya with such a motion demonstrate an error of law that would support reconsideration of the board's decision assuming this analysis is correct the circumstances presented by the respondent do not show that he pursued his motion with due diligence after the beginning of the agency's analysis and then the analysis goes from there there are points within the agency's decision when it does refer generally to the whole period but it's very clear when one reads this closely that the agency is assuming that the period is starting at the Maya in 2018 and saying essentially you didn't show any diligence or you didn't show the I wanted to clarify the time period because that's relevant for the merits of the equitable tolling but also the argument that petitioner is making with respect to sue Esfante so again the time period if it starts at the Maya the agency is saying here that consistent with what is in the declarations and what petitioners counsel argued in the motion petitioner just simply didn't show the requisite diligence in that period petitioner represented that he he had been with his significant other since 2007 she came to Jamaica they married in January of 2019 three months after that she's counsel to see if there was a possibility for husband could return and then only after that do we see petitioner making any efforts with respect to his claim and really what the board is saying here is in the past you've had pro bono counsel you've not made or you've not in any way shown that you've that there was any diligence that was that pardon me the court but um the argument here is that the that no was shown during this period nothing nothing can can be pointed to it's different than a situation like Lawrence where Lawrence is arguing that from the moment he set foot in Jamaica or the the entirety of that period he was at least trying to contact counsel trying to do something here if one looks specifically at the motion itself at the declarations there's just nothing that that's been represented that that was done in that in a in that full year period after Jemima was issued and the the board determined that that that simply wasn't reasonable what if you had the same facts but in fact is with this exception in other words there hasn't been a daily look at SCOTUS blog or anything else so we don't have a day-by-day consideration by the claimant but the claimant is significant other goes to a lawyer two months after and they find it would that be adequate um again it's case by case but that that's okay or the just look at it timely that there's a there's a well there's a sort of I don't understand be so that you have to know the moment it comes out there must be some time that it is part of the limitation I don't think the board is saying that you have to know the moment that it came out the board is making the argument that in this entire period the record is silent any sort of diligence being shown I understand it's not as it's not as though oh I'm pardon me I'm sorry if the delay is um let me pause I'm asking you is if the delay was two months and there was no efforts during that two months with that with that down the case to I think that that that puts you one in a different circumstance in timing yes but but really again the board is looking at there's an entire year where nothing is done so it's not only that it's not discovered it's that nothing is done and this person has had pro bono counsel in the past and has shown that his wife has the ability to contact counsel on his behalf in the United States where she lives nevertheless there's this entire year I understand that there's I think it's nine months but we'll go with your entire year right now but I what I'm asking you is what if just two months same facts otherwise he doesn't do anything for two months but then he files your honor I would view that differently I do think that that that's a different you know we're getting a different time frame here I don't think again that the board is saying that he had to do something the moment that the case came out it's that he didn't show reasonable diligence by doing nothing for that extended period after and what I'm trying to do is to piece out from that what somebody in the future could conclude would be reasonable diligence and you won't seem to answer so I suggested with two months be reasonable diligence um you're I would think so if some sort of diligence for show in two months yes but again unfortunately that that simply just was not the case here I do want to also address counsel's argument in briefing that the court should find jurisdiction to look at this in terms of the sua sponte denial and again just point the court to the actual decision in the record here counsel's arguing that the court should upend its previous precedent and look at this this who is sponte denial based on error and no errors been shown here with respect to the agency's decision counsel's basing this on two points one the citation of matter of GLC for the proposition that it may consider non-citizens diligence in deciding whether to sue a sponte reopen the government again reasserts that this was an accurate discussion of what happened in matter of GLC and also the government makes this critical note that unlike in cases in other jurisdictions where the court has decided to pierce this and look at the sua sponte denial here there's no material error here that that would change the decision I'll look at a case like my movie holder in the declined to exercise whose front a authority based on its understanding that there the petitioner would automatically be barred from seeking adjustment here there's nothing like that there you can't our petitioner doesn't point to anything in that regard there's nothing that petitioner can point to that suggests that the agency can't look at diligence when it's as it did here and it's consistent with with what the agency has done in other cases there's simply just nothing prohibiting the board from from doing what it did whether it were to cite that case or not and the second note petitioner again is arguing that with respect to the sua sponte assessment that the court is looking at the time frame of you know beginning when when petitioner was removed to Jamaica until the time that he filed and I do point the court to the language of the language in the record at AR 5 the the board specifically says that it's referring to its discussion above I'm in that last paragraph the court says as discussed above the respondent has not satisfactorily explained his lack of diligence the court discusses that the court refers to the 12-year period but the entire analysis is framed above and the analysis that the board is referred to by that period after demaya so there's no error there and petitioner really does not exam does not there's no reason why that the court would stray from what it has done in the past in terms of not looking at the sua sponte denial and again that's also consistent with what the court has said in Lawrence and I point the court to footnote 5 in Lawrence where the the court here again explains that where there's there's no perceived legal error this is just not something the court is going to do it's done let me ask you this after he found out about the Maya was he diligent I the it the record does show that the that you know steps were taken to to to file something but it but again that's that's months and months after demaya has been decided where in that period before nothing was done well and that's what the board's looking at here that he was diligent after he found out about the shouldn't that way in in our analysis not in terms of how the court is has looked at this in the past and I will note that while the court has in this case looked at that the entire period after demaya in Lawrence the court has said that the view it's up to the petitioner to show diligence during the discovery that there is a change in law and I'll point the court there to Lawrence at 826 f-3rd at 204 through 205 and there the the court is upholding a decision and the board had in that decision decided Rashid the mucoskey at 533 f-3rd 127 that's a circuit case but explains that again it's it's the petitioner has to show some sort of effort even if the discovery is it made the petitioner has to show that there was some diligence in trying to make the discovery here as in that case there's just nothing that showed during that period and the board was correct in determining that that that simply is not don't think we have any more questions thank you very much again the the government reasserts all of the arguments made in its briefing and thanks the court thank you very much we have any rebuttal yes thank you your honor if I could just tie up a few loose ends on equitable tolling before moving to the sua sponte argument just to clarify tell me what the difference is between the two because the reason why you think that the sua sponte should have been granted is because wasn't there a legal error and the legal error it goes back to the equitable tolling doesn't it so aren't they sort of two sides of the same coin they're similar but distinct the equitable tolling argument simply if equitable tolling is granted then the board would be applying just the regular baseline standard for a change in law to prevail on a sua sponte motion you have to show that the change in law was fundamental so there is a different standard that the board applies just to clarify that the relationship history between my client and his now wife they actually first got together in 1997 and they did have children together in 1999 in 2002 but in the following decade my client had two children with another woman she had two children with another man she did eventually visit him in Jamaica after he was deported but they did not officially marry until January of 19 January of 2019 which is why she went to see an immigration attorney in April of 2019 so the point is simply that while the board didn't say anything that was literally false in the decision it's a decision kind of misleadingly suggests that my client and his wife have been married for decades which simply is not the case now on the merits there was some discussion about you know would two months be an appropriate one night before we get yes can I ask you about the standard of review the government points us to Lawrence which I think is correct Lawrence applied abuse of discretion and so I think the question for us is does Barrero require us to overrule our precedent it is is it on point and clear enough that we can overrule Lawrence or what's your what's your position on that relationship well that's a question I've grappled with but I think Lawrence actually I think any because there was only only there was only one narrow the only question before the court in Lawrence was whether the board even applied the correct standard because at that time this court regarded the due diligence determination as a factual inquiry that it did not have jurisdiction to be dicta it's the lens through which the court is reviewing and the claim even if you think well ultimately they would have won or loss under a different standard the court says we're applying a certain standard how can that be dicta well my point is the court did not have jurisdiction to actually reach the merits of the equitable tolling claim in Lawrence because Lawrence was decided before Guerrero Las Priya I think there's frankly conflicting case law on on what standard should be applied to equitable tolling because there are many other cases including Rouse that have applied to Novo to the ultimate diligence determination applying abuse of discretion to equitable tolling before the BIA exactly this context and so you have the burden to show that we need to change our precedent and not just that we need to but as a panel of three that we're even allowed to and the only way you can do that is by pointing to something the Supreme Court or Congress has done that requires us to overrule what a previous panel has done otherwise we have to sit on bunk so what requires us to change that we think Guerrero Las Priya would be sufficiently clear because before Guerrero Las Priya but it didn't talk that good they specifically reserved the question of what standard of a real replies which indicates there could be multiple different ones that might be appropriate that's true but in Galvan this court found because of Guerrero Las Priya not only that it had jurisdiction right that it would apply to Novo review to the ultimate question that's right but that's in a situation where we had not previous we didn't have any precedent about what standard of review applied because we had previously refused to consider those questions at the end of the day your honor we think we went even under abuse of discretion because it's clear that when an agency airs as a matter of law that is an abuse of discretion sir thank you okay so just on the question of you know if there is a rule two months what is it the our point is that the only way that an alien could could could to guarantee that an alien would act within two months is if they they are having consultations with an attorney on a regular basis that's the way to guarantee that so if the court finds that my client did not act with sufficient diligence immigration lawyers will have to advise their clients going forward even after they're deported that they need to schedule regular consultations with them so we would ask the court if it denies our claim on the merits to at least provide some guidance to the immigration bar as to how frequent is enough does it have to be once a year does it need to be every immigration the immigration bar will need to provide guidance to their clients in the event that they're deported should they ever want to try to file a motion based on a change in law can diligence take other forms I know here we're talking about checking in with the attorney because that's what he did that's the diligence that he presented to the BIA was I checked my wife checked with an attorney but presumably diligence can take other forms right he could have you know I don't know what your particular client could have done but at any future case there could be someone who says I don't know I I checked the newspaper or I looked here I looked there places that may or may not have the answer right I don't the question is not whether they would have found it but whether they were diligent in trying right so I take your point but I'm not sure we have to set out a framework for immigration attorneys because diligence is as vast and broad as there are different kinds of cases sure I think in the context of a change in law or where where the Supreme Court is is overruling decision is unconstitutional it's hard to imagine circumstance where a layperson would be able to piece that all together without talking to attorney although if you know perhaps if a deportation was previously a paralegal they might be able to do that but I think in general that would be difficult for them to do in my time left just briefly on the on the viewability of the sua sponte question we would ask you to join these seven other circuits that have held that they are able to reach asserted legal errors made in connection with the denial of a sua sponte motion and we think the reason is very straightforward the Supreme Court has held that there is a strong presumption favoring judicial review of administrative action and that the exception in section 701 a2 only applies when there was no judicially manageable standard so it follows that when the board alleges that the board has committed legal error in denying a sua sponte motion there is a judicially manageable standard that courts can apply it doesn't help you does it because all the other courts that you cite they've they've done this when the court the BIA thought it lacked the power or it had some sort of misperception about the legal background it was something pretty fundamental it was not you know we think that it reached the wrong decision about equitable tolling no one has reviewed that the know-how I'm talking about simply an asserted legal error a question of law and as I read those cases those courts have held that they can review questions of law raised in challenging a sua sponte motion just as they can review questions of law raised in challenging in a petition for you petition for review on direct appeal it many if not most courts that have addressed this issue in our favor have made an analogy to section 1252 a 2d of the INA that's provision that authorizes courts to review questions of law and we think that would be that would be the most administrable line if the court agrees with our position to say just as we can review questions of law and constitutional claims on a regular petitioner for review so can we review constitutional claims and questions of law raised in connection with the denial of a sua sponte motion the court has no yes so excuse me just so I understand in response to my colleagues question you concede that none of those out-of-circuit cases that you cite deal with the question of law that we have here but they all deal with questions of law which you think this is is that right correct we have further questions thank you very much we appreciate the argument from both counsel and we're sorry that we're not able to come down and shake hands we can do it remotely and then we hope the next time you're here we'll be able to do so so I asked the clerk to adjourn court honorable court stands adjourned until this afternoon at 2 p.m. I say the United States in this honorable court
judges: Diana Gribbon Motz, Henry F. Floyd, Allison J. Rushing